### SMITH *v.* SERVIS.

*(Supreme Court, General Term, Fifth Department. October 23, 1890.)*

SALE—ACCEPTANCE—BREACH OF WARRANTY.
　Furniture manufactured under a contract that it should be "finished in a good, workman-like manner" was accepted and paid for by the vendee with knowledge that it was not finished in a proper manner. *Held,* that the vendee could not afterwards sue for damages on account of the defective finishing, there being no such warranty of the furniture as would survive its acceptance.

Exceptions from circuit court, Monroe county.
Action by George D. Smith against M. Edwin Servis. Plaintiff moves for a new trial on exceptions ordered heard in the first instance at general term.
Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.
*George F. Yeoman,* for plaintiff. *Arthur E. Sutherland,* for defendant.

MACOMBER, J. This action was brought to recover damages for defects in furniture manufactured by the defendant for the plaintiff, and for the failure of the defendant to pack such furniture in a proper manner. The contract between the parties was in writing, bearing date the 2d day of October, 1885, by which the defendant agreed to manufacture for the plaintiff counters, shelving, tables, and cases, to be used in a restaurant in the city of New York, to be made of cherry lumber, and "finished in a good, workman-like manner," to be completed by the 15th day of December of that year, and delivered on board cars in the city of Rochester, for which he was to receive from the plaintiff the sum of $600 in cash. In explanation of the expression "finished in a good, workman-like manner," evidence was permitted to be given that, prior to the execution of the written agreement, the plaintiff told the defendant that the tables, counters, and cases were to

be finished in hard oil, the same as piano finish. Assuming, but without de-ciding, that such oral testimony was competent in explanation of the phrase quoted, there was a failure on the part of the defendant to conform to the contract. The damages claimed by the plaintiff consisted of expenses to which he was put in refinishing the furniture in oil, and in a loss of trade during the short period when such work was being performed. No claim was made at the trial, nor upon this appeal, that the furniture was in any way defective, either in material or workmanship, save only in the finishing. The sole ground for the motion for a new trial is that it was not finished in hard oil, but in an inferior shellac finish which was not suitable for the purpose for which the furniture was designed, and that through improper packing the furniture was, in places, marred and rubbed. The furniture was delivered by the defendant on board the car. A portion of it had been inspected some time before by plaintiff, and complaint was made by him to the defendant that the same was not properly finished. The defendant showed the plaintiff a few of the tables, and one or two of the counters, on or about the 1st day of December. The plaintiff thereupon asked him if he regarded those as finished, and the defendant said that he did. The plaintiff then asked him if he called that a good finish, and he said, "Yes, he thought that was all right," or words to that effect. Thereupon the plaintiff told the defendant that he should expect him to go over the furniture again, and finish it up properly; but the defendant neither consented nor refused so to do. The plaintiff was present when the furniture was unloaded at his restaurant in the city of New York, and saw the condition in which it then was. The plaintiff says: "The defects were open, on the surface, and I could see them at once. I did actually observe these defects at once upon unloading the furniture at the store." Notwithstanding this, however, the plaintiff accepted the furniture, and paid for the same, and subsequently brought this action as above mentioned. No fraud or deceit was practiced by the defendant upon the plaintiff. The case, consequently, is brought directly within that of *Studer* v. *Bleistein*, 115 N. Y. 316, 22 N. E. Rep. 243, where it is held, following many antecedent authorities, that a deliberate, intelligent, and intentional acceptance of personal property manufactured under an executory contract of sale, after inspection, precludes the vendee from claiming damages for any visible or discoverable defect in the property sold. In the case before us, the acceptance was unequivocal, and the purpose to make reclamation upon the defendant for damages was apparently an after-thought. It was the duty of the plaintiff either to return the property or offer to return it to the manufacturers. Had this been done, a reasonable opportunity would have been given the defendant, either to make good the defects or to receive back the property, whereupon the contract would have been rescinded by mutual consent. The counsel for the plaintiff claims that there was an express warranty, and cites the case of *Canning Co.* v. *Metzger*, 118 N. Y. 260, 23 N. E. Rep. 372. But there is no evidence of any warranty in this instance. It was the usual executory contract for the manufacture of personal property of a given description couched in general terms. There is no evidence of any representation which could be construed into a contract of warranty which was intended to survive the time of the actual acceptance of the manufactured articles. There was no affirmation made by the defendant as to the quality of the finish upon which the plaintiff could rely, and through which a contract of warranty might be spelled out. There was not in law any warranty, nor was there any evidence competent to be submitted to the jury upon that question. Under these circumstances, the nonsuit was proper, and judgment should be ordered for the defendant thereon. All concur.